IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 5:06-00387 |
| | ) |
| WINIFRED BUCY and | ) |
| AUSTIN KNOX, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Pending before the Court is the United States' Motion for Summary Judgment (Doc. No. 21.), filed on May 31, 2007. Defendants filed their Response and Memorandum Opposing the United States' Motion on June 11, 2007. (Doc. No. 24.) Notwithstanding Defendants' Response, by Order entered June 12, 2007, the Court advised Defendants pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of their right to file a response to the United States' Motion and submit Affidavits or statements supporting their positions. (Doc. No. 25.) On June 21, 2007, the United States filed a Reply to Defendants' Response. (Doc. No. 26.) Pursuant to the Court's Order, Defendants filed a further Response to the United States' Motion on June 22, 2007, together with their Affidavits. (Doc. No. 27.) The Response and Affidavits essentially embody the substance of their prior response. On June 22, 2007, the United States filed its Reply. (Doc. No. 28.) For the reasons set forth below, the United States' Motion is granted.

## BACKGROUND

The United States filed its Complaint in this matter on May 19, 2006, seeking to reduce to judgment certain federal tax liabilities assessed against Defendant Winifred Bucy, individually, and

against Defendants Winifred Bucy and Austin Knox, jointly, for tax years 1995 through 2004. (Doc. No. 1.) In Count I of the Complaint, the United States seeks to reduce to judgment income tax assessments against Defendant Winifred Bucy, individually, for tax years 1995 through 2001, in the amount of $263,917.72, plus penalties, interests, and costs, that accrued after February 27, 2006. (Id. at ¶¶ 7-12.) Under Count II of the Complaint, the United States seeks to reduce to judgment income tax assessments against Defendants Winifred Bucy and Austin Knox, jointly, for tax years 2002 through 2004, in the amount of $130,632.10, plus penalties, interests, and costs that accrued after February 20, 2006. (Id. at ¶¶ 13-18.) On July 5, 2006, Defendants, acting *pro se*, filed their Answer, in which they affirmatively asserted the defenses of payment, statute of limitations, and the innocent spouse doctrine. (Doc. No. 5.) The United States filed an Amended Complaint on April 11, 2007 (Doc. No. 16.), to include recently assessed tax liabilities against Defendants, jointly, for tax year 2005, in the amount of $35,822.63. (Id. at ¶¶13-18.) Defendants filed their Answer on October 2, 2006, in which they reiterate the affirmative defenses of their prior Answer. (Doc. No. 13.)

The United States attached to its Motion certified copies of the Form 4340 Certificates of Assessments, Payments, and other Special Matters for tax years 1995 through 2005. (Doc. No. 21 at Exhibits 1-11.) These forms demonstrate the amounts assessed against Defendants for these tax years and the penalties and interests assessed through February, 2006. Defendants do not contest the tax liabilities assessed against them. Rather, Defendants argue first, that this civil action, regarding the 1995 taxes, was not commenced within the ten year statute of limitations of 26 U.S.C. § 6502(a). (Doc. No. 24 at ¶ 1.) Defendants assert that the liability for tax year 1995 was assessed by the United States on April 15, 1996, and posted on May 27, 1996, but that service of the Complaint in this civil action, which was filed on May 22, 2006, was not accomplished until June 14, 2006. (Id.)

Defendants further assert that the United States failed to consider in its Motion, a $6,299.00 payment which was applied to Defendant Winifred Bucy's 1995 tax obligation. (Id.) In Reply, the United States asserts that the assessment date is the event that starts the running of the statute of limitations. (Doc. No. 26.) The 1995 taxes were assessed against Defendants, according to the United States, on May 27, 1996, and therefore, the United States had until May 27, 2006, in which to bring this civil action. (Id. at 2.) Regarding the payment toward the 1995 taxes, the United States asserts that Exhibit 1 reflects the payment, which was made through a levy. (Id.)

Next, Defendant Austin Knox asserts that he is entitled to innocent spouse relief because he is disabled and without income. (Doc. No. 24 at ¶ 2.) The United States argues that Defendant has not presented any facts which entitle him to relief under the innocent spouse provisions of 26 U.S.C. § 6015. (Doc. No. 26 at 2-3.)

Finally, Defendants assert the defense of partial payment and argue that the United States failed to credit their tax liability with payments in the total amount of $71,673.50, made between April 15, 1995, and May 29, 2006. (Doc. No. 24 at ¶ 4.) Defendants assert that between April 15, 1995, and May 29, 2006, the United States received the following funds:

|     | **Date**           | **Amount**  |
| --- | ------------------ | ----------- |
| 1.  | April 21, 1995     | $1,227.50   |
| 2.  | September 28, 1995 | 224.50      |
| 3.  | March 26, 1996     | 404.50      |
| 4.  | March 13, 1995     | 948.50      |
| 5.  | May 17, 1996       | 456.00      |
| 6.  | August 27, 1996    | 244.00      |
| 7.  | May 2, 1997        | 596.00      |
| 8.  | June 3, 1997       | 1,588.50    |
| 9.  | October 17, 1997   | 403.00      |
| 10. | January 16, 1998   | 191.50      |
| 11. | June 4, 1998       | 1,583.00    |
| 12. | June 18, 1998      | 1,754.00    |

| | | |
|---|---|---:|
| 13. | December 10, 1998 | 304.50 |
| 14. | February 19, 1999 | 888.50 |
| 15. | February 4, 2000 | 1,188.50 |
| 16. | August 23, 2000 | 272.00 |
| 17. | December 20, 2000 | 7,800.00 |
| 18. | May 28, 2001 | 2,483.08 |
| 19. | October 25, 2001 | 6,442.00 |
| 20. | December 12, 2002 | 3,248.50 |
| 21. | April 24, 2003 | 4,287.00 |
| 22. | September 12, 2003 | 16,455.92 |
| 23. | September 12, 2003 | 4,139.50 |
| 24. | May 4, 2004 | 2,468.50 |
| 25. | August 26, 2005 | 2,975.00 |
| 26. | January 15, 2006 | 2,500.00 |
| 27. | November 9, 2005 | 6,299.00 |
| | Total Payments | $71,373.50 |

(Doc. No. 24 at 2.) Additionally, the United States received Defendants' $300.00 tax credit on August 27, 2001. (Id. at 3.) Defendants assert, therefore, that the total balance due the United States for their individual and joint tax returns is $198,040.50. (Id.)

The United States asserts that six of the payments referenced by Defendants were applied to liabilities for tax years at issue in this civil action: payments number 11 through 13 and 25 through 27 were applied to tax years 1995, 1996, and 2005. (Doc. No. 26 at 3.) The remaining 21 payments were applied to the tax liabilities of Defendant Winifred Bucy for tax years 1988 through 1993, as evidenced by certified copies of IRS Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, for tax years 1988 through 1993. (Doc. No. 26 at 3 and Exhibits 12-17.) The United States notes in its Motion that Defendants have made only two voluntary payments, totaling $5,475.00. (Doc. No. 22 at 3.) The United States therefore, asserts that Defendants' calculations of tax liabilities are incorrect because they subtract the total of the 27 payments discussed above which were credited to other tax liabilities and they do not consider the interest and

4

penalties which were assessed and have accrued. (Doc. No. 26 at 5.)[1]

## **STANDARD**

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Once the moving party demonstrates the lack of evidence to support the non-moving party's claims, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 - 87, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986). All inferences must be drawn from the underlying facts in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356. Summary judgment is required when a party fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual issues proving other elements of the claim. Celotex, 477 U.S. at 322 - 23, 106 S.Ct. at 2552 - 53. Generally speaking, therefore, summary

---

[1] Defendants assert in their Responses and Affidavits that the United States failed to consider mitigating circumstances in assessing the penalties and interest against them. (Doc. Nos. 27 and 28.) Specifically, Defendants state that they were subject to the following special circumstances which mitigate the assessment of penalties and interests against them: Defendant Winifred Bucy was subject to a court order filed in the Circuit Court of Raleigh County, West Virginia, which requires "payment of considerable indebtedness arising from a divorce action" filed therein; Defendant Austin Knox was rendered disabled as the result of an automobile accident; and Defendant Winifred Bucy "suffered catastrophic property damage due to a series of flooding in her community." (Doc. No. 27 at 5-6 and 10-11; Doc. No. 28 at 4-5.) In Reply, the United States asserts that "[w]hat [D]efendants *owe* is the subject of this action, not what they may or may not be able to *pay*." (Doc. No. 29 at 2.) The United States further asserts that pursuant to 26 U.S.C. §§ 165(i), 213, and 1033(h), "one would assume [D]efendants, where appropriate, would have taken deductions on their tax returns for medical expenses and property losses." (*Id.*) The Court agrees with the United States that the issue facing it is whether Defendants are liable for the taxes assessed against them and not whether Defendants are able to pay their tax liability. Accordingly, the asserted mitigating circumstances are irrelevant to the Court's finding of liability.

judgment will be granted unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 - 48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## DISCUSSION

**1.     The United States is not barred by the statute of limitation of 26 U.S.C. § 6502(a), from seeking judgment regarding taxes assessed against Defendant Winifred Bucy for tax year 1995.**

Title 26, U.S.C. § 6502(a) requires the United States to commence a proceeding in the district court to collect a tax within ten years of the assessment. Section 6502(a) provides:

> (a) Length of period. - - Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun - -
>     (1) within 10 years after the assessment of the tax, or
>     (2) if - -
>         (A) there is an installment agreement between the taxpayer and the Secretary, prior to the date which is 90 days after the expiration of any period for collection agreed upon in writing by the Secretary and the taxpayer at the time of the installment agreement was entered into; or
>         (B) there is a release of levy under section 6343 after such 10-year period, prior to the expiration of any period for collection agreed upon in writing by the Secretary and the taxpayer before such release.
>
> If a timely proceeding in court for the collection of a tax is commenced, the period during which such tax may be collected by levy shall be extended and shall not expire until the liability for the tax (or a judgment against the taxpayer arising from such liability) is satisfied or becomes unenforceable.

This section

> makes clear that it is the "assessment" itself that, once made, starts the running of the ten-year period within which the IRS can commence efforts to collect an assessed tax. The law is well established that the filing of a return does not constitute the assessment of the tax: "The 'assessment,' essentially a bookkeeping notation, is made when the Secretary or his delegate establishes an account against the taxpayer on the tax rolls."

Remington v. United States, 210 F.3d 281, 284 (5th Cir. 2000).

Government Exhibit 1, a certified copy of IRS Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, demonstrates that the 1995 taxes were assessed against Defendant Winifred Bucy on May 27, 1996, in the amount of $14,826.00. (Doc. No. 21, Exhibit 1.) Thus, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure,[2] and 26 U.S.C. § 6502(a)(1), the ten year limitation period began to run on May 28, 1996, and the United States had until May 27, 2006, to collect the tax by levy or by a proceeding in court. The United States filed the instant civil action on May 19, 2006, which was eight days prior to the expiration of the § 6502(a)(1) limitation period. Accordingly, this civil action was filed timely with respect to the taxes assessed for the 1995 tax year. Though service was not effected on Defendants until June 14, 2006, as pointed out by Defendants, it is the filing of the Complaint in the District Court which triggered the limitation period.

### 2. Defendant Austin Knox is not entitled to relief under the Innocent Spouse Doctrine.

When a joint federal income tax return is made, "the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several." 26 U.S.C. § 6013(d)(3);

---

[2] Rule 6(a) of the Federal Rules of Civil Procedure provides in part, as follows:

(a) **Computation**. In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which the weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.

see also, Grossman v. Commissioner of Internal Revenue, 182 F.3d 275, 278 (4th Cir. 1999) ("Generally, when taxpayers file a joint income tax return, they are jointly and severally liable for the amount of tax or any deficiency due."); In re Lilly, 1994 WL 750668, *2 (S.D. W.Va. Dec. 7, 1994), aff'd, 76 F.3d 568 (4th Cir. 1996). The innocent spouse provision, however, codified at 26 U.S.C. § 6015, is an exception to this general rule, and provides relief in three situations: (1) when the other spouse understated the tax and the innocent spouse "did not know, and had no reason to know, that there was such understatement;" (2) when the taxpayers are no longer married or living together, or are legally separated; and (3) when "taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency." 26 U.S.C. §§ 6015(b)(1), (c), and (f); see also Grossman, 182 F.3d at 278-80. Defendant Austin Knox has not presented the Court with any facts demonstrating that the taxes in issue were understated or that he and his spouse are no longer married or living together or that they are legally separated. Relief under 26 U.S.C. § 6015(b)(1) and (c), therefore, is not available to Defendant. To qualify for equitable relief under § 6015(f), the taxpayer must first submit a written request to the Internal Revenue Service within two years from the date of the first collection activity against him with respect to the joint tax liability. 26 U.S.C. § 6015(e); 26 C.F.R. §§ 1.6015-5(a), (b). If the taxpayer's request for relief under § 6015 is denied, the taxpayer may then petition the Tax Court under § 6015(e)(1) for a review of the Commissioner's decision. 26 U.S.C. § 6015(e). Defendant Austin Knox has neither demonstrated that the Commissioner has denied him relief under § 6015(f), nor that he petitioned the Tax Court for relief under § 6015(e). Accordingly, Defendant Austin Knox is not entitled to relief under the innocent spouse provisions of 26 U.S.C. § 6015.

> **3.    Defendants' payments toward their tax liabilities made between April 21, 1995, through May 29, 2006, in the total amount of $71,673.50, were credited by the United States against liabilities for tax years 1998 through 2005; Defendants' assertion of partial payment as an affirmative defense therefore, is not applicable to the determination of liability in this civil action**.

The United States' assessment of taxes is presumptively correct. See United States v. Pomponio, 635 F.2d 293, 296 (4th Cir. 1980). By providing certified copies of the Form 4340 Certificates of Assessment, which were sent to Defendants for the respective tax years, the United States has established a prima facie case in support of the tax liabilities charged in the Amended Complaint. See Pomponio, 635 F.2d at 296; United States v. Hopkins, 859 F.Supp. 208, 211 (S.D. W.Va. 1994). Although Defendants allege that the United States failed to credit $71,673.50 received in payments and levies, the Certificates of Assessment demonstrate that the payments were reflected as credits in various tax years.

Regarding Defendant Winifred Bucy, individually, the Certificate of Assessment for tax year 1995 demonstrates that $14,826.00 was assessed against her on April 15, 1996. (Doc. No. 21 at Exhibit 1.) A payment from a levy in the amount of $6,299.00 (#27) was credited to her total 1995 tax liability, leaving her with a balance due and owing of $13,183.22, after penalties, interests, fees, and costs. (Id.) For tax year 1996, a $16,992.00 tax liability was assessed on April 15, 1997. (Doc. No. 21 at Exhibit 2.) Payment from levies in the amount of $1,583.00 on June 4, 1998 (#11), $1,754.00 on June 18, 1998, and $304.50 on December 10, 1998 (#13), were credited to her total tax liability for tax year 1996, for a balance due and owing of $18,416.76, after penalties, interests, fees, and costs. (Id.) Regarding tax year 1997, Defendant was assessed $19,471.00 on April 15, 1998, and $6,030.07 in penalties, interests, fees, and costs, for a balance due and owing of $25,501.07. (Doc. No. 21 at Exhibit 3.) On April 15, 1999, $19,013.00 was assessed against

Defendant for tax year 1998, plus $5,791.44 in penalties, interests, fees, and costs, for a balance due and owing of $24,804.44. (Doc. No. 21 at Exhibit 4.) Regarding tax year 1999, $19,718.00 was assessed against Defendant on April 15, 2000, plus $6,056.70 in penalties, interests, fees, and costs, for a balance due and owing of $25,774.70. (Doc. No. 21 at Exhibit 5.) On April 15, 2001, $28,153.00 was assessed against Defendant for tax year 2000, plus an additional 3,125.67, minus a $300.00 tax credit on August 27, 2001, leaving a $30,978.67 balance due and owing. (Doc. No. 21 at Exhibit 6.) Regarding tax years 2001 and 2002, $31,435.00 and $28,842.00 were assessed against Defendant on April 15, 2002, and April 15, 2003, respectively. (Doc. No. 21 at Exhibits 7 and 8.) With the addition of penalties, interests, fees, and costs, balances of $32,968.55 and $30,268.85 were assessed for tax years 2001 and 2002, respectively. (Id.) The total amount assessed Defendant Winifred Bucy, individually, which is due and owing the United States is $ 149,608.00, plus penalties, interests, fees, and costs.

Regarding Defendants Winifred Bucy and Austin Knox, jointly, the Certificates of Assessment demonstrate that for tax years 2002 through 2005, the following amounts were assessed against Defendants: $28,842.00 (2002), $34,254.00 (2003), $37,744.00 (2004), and $34,091.00 (2005), for a total of $134,931.00. (Doc. No. 21 at Exhibits 8 - 11.) Payments in the form of estimated tax declarations were credited toward Defendants' 2005 tax liability in the amount of $5,475.00 (#25 and 26.) (Doc. No. 21 at Exhibit 11.) With the addition of penalties, interest, fees, and costs, and the credit of payments, the balances due and owing the United States for these tax years are as follows: $30,268.85 (2002), $35,618.52 (2003), $39,903.76 (2004), and $30,347.63 (2005), for a total of $136,13.76.

The United States has demonstrated through the production of the Form 4340 Certificates

of Assessment for tax years 1988 through 1993, that the 27 payments referenced by Defendants were applied toward Defendants' tax liabilities. Six of the payments (#11-13 and 25-27), were referenced above with respect to tax years 1995, 1996, and 2005. The remaining 21 payments were applied toward Defendant Winifred Bucy's tax liabilities for the tax years 1988 through 1993. Specifically, regarding tax year 1988, the following payments were credited toward Defendant's total liability for that year: $1,227.50 on April 21, 1995 (#1); $224.50 on September 28, 1995 (#2); $404.50 on March 26, 1996 (#3); $456.00 on May 17, 1996 (#5); $244.00 on August 27, 1996 (#6); $596.00 on May 2, 1997 (#7); $403.00 on October 17, 1997 (#9); $191.50 on January 16, 1998 (#10); and $888.50 on February 19, 1999 (#14.) (Doc. No. 26 at Exhibit 12.) Regarding tax year 1989, three payments were credited: $948.50 on March 13, 1995 (#4); $1,588.50 on June 3, 1997 (#8); and $1,188.50 on February 4, 2000 (#15.) (Doc. No. 26 at Exhibit 13.) Three payments were credited toward Defendant's 1990 tax liability: $272.00 on August 23, 2000 (#16); $7,800.00 on December 20, 2000 (#17); and $2,483.08 on May 28, 2001 (#18). (Doc. No. 26 at Exhibit 14.) A payment of $6,442.00 was credited toward Defendant's 1991 tax liability on October 25, 2001 (#19), and payments in the amount of $3,248.50 on December 12, 2002 (#20), and $4,287.50 on April 24, 2003 (#21), were credited toward her 1992 tax liability. (Doc. No. 26 at Exhibits 15 and 16.) The final three payments were credited toward Defendant's 1993 tax liability: $16,455.92 and $4,139.50 on September 12, 2003 (#22-23); and $2,468.50 May 4, 2004 (#24). (Doc. No. 26 at Exhibit 17.)

The Certificates of Assessment demonstrate that the United States credited Defendants' payments to their tax liabilities for the tax years 1998 through 2005. Accordingly, Defendants are not entitled to assert the affirmative defense of partial payment in response to the claims stated in

the United States' Amended Complaint. Pursuant to 26 U.S.C. §§ 6601[3] and 6651,[4] the United States is entitled to assess interest and penalties on any unpaid tax.

### CONCLUSION

For the reasons discussed above, the United States' Motion for Summary Judgment (Doc. No. 21.) is **GRANTED**. The United States is directed to provide the Court a Declaration of Indebtedness establishing the current amount owed by Defendants, including accrued interest and penalties, by **Wednesday, November 21, 2007**.

The Clerk is directed to send a copy of this Order to counsel of record and to any unrepresented party.

DATE: November 6, 2007.

R. Clarke VanDervort
United States Magistrate Judge

---

[3] Title 26, U.S.C. 6601(a) provides:

(a) General rule. - - If any amount of tax imposed by this title (whether required to be shown on a return, or to be paid by stamp or by some other method) is not paid on or before the last date prescribed for payment, interest on such amount at the underpayment rate established under section 6621 shall be paid for the period from such last date to the date paid.

[4] Section 6651 sets forth the provisions for assessing penalties on any unpaid tax.